UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARGUERITE FOUST,

      Plaintiff,                                    Case No. 2:10-cv-00005
                                                          JUDGE GREGORY L. FROST
    v.                                                Magistrate Judge Norah McCann King

STRYKER CORPORATION,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Stryker Corp.'s Motion to Dismiss ("Motion to Dismiss"), Plaintiff's Memorandum Contra Defendant's Motion to Dismiss (Doc. # 25) and Defendant Stryker Corp's Reply in Support of Its Motion to Dismiss (Doc. # 21).  For the reasons that follow, the Court **DENIES** the Motion to Dismiss.

### I.  Background

Stryker Corporation ("Defendant"), a Michigan corporation, is in the business of designing and manufacturing hip plates, screws and wire used in hip replacement procedures. (Doc. # 20 ¶¶ 2, 4.)  Marguerite Foust ("Plaintiff") is a citizen of Delaware County, Ohio.  *Id.* at ¶ 1.  On July 4, 2007, Plaintiff fell and broke her hip, requiring surgery on July 5, 2007, during which Defendant's product was surgically implanted in Plaintiff's hip.  *Id.* at ¶ 6.  On October 1, 2009, Plaintiff filed a complaint in the Court of Common Pleas for Delaware County, Ohio, alleging four causes of action: negligence, strict product liability, breach of warranty, and negligent misrepresentation.  (Doc. # 3.)  On January 4, 2010, Defendant filed a notice of

removal pursuant to 28 U.S.C. § 1332. (Doc. # 2.) Defendant then filed a motion for partial dismissal and a motion for a more definite statement on the grounds that the common law claims were barred by the Ohio Product Liability Act ("OPLA"), Ohio Revised Code §§ 2307.71 through 2307.80, and the product liability claim required a more definite statement of the product involved. (Doc. # 10.) The Court granted the motion to dismiss the common law claims of negligence, breach of warranty, and negligent misrepresentation and further granted Defendant's motion for a more definite statement. (Doc. # 17.)

Plaintiff filed the Amended Complaint on March 18, 2010, which contains substantially the same language as the original Complaint but includes more detail of the product involved. Plaintiff alleges that she underwent surgery on July 5, 2007 when Defendant's product was surgically implanted and that on "March 12, 2008, it was discovered that Defendant's product had failed while implanted in Plaintiff's hip." (Doc. # 20 ¶¶ 6-7.) Plaintiff further alleges that as a "direct and proximate result of Defendant's product failing," Plaintiff "sustained serious bodily injury, causing severe pain, suffering, and loss of enjoyment of life," and "incurred hospital and medical bills." *Id.* at ¶¶ 9-10. The Amended Complaint contains only the strict product liability cause of action and includes a new paragraph identifying Defendant's product by reference and lot numbers. *Id.* at ¶¶ 8, 12. The Amended Complaint also contains Plaintiff's Exhibit 1, a copy of the implant record from Grady Memorial Hospital. *Id.* at Exhibit 1.

Defendant moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted on the grounds that Plaintiff did not meet the plausibility pleading requirement set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). (Doc. #

21 at 1.) Specifically, Defendant argues that Paragraph 12 of the Amended Complaint is a mere recitation of the elements of the cause of action supported by a conclusory statement of causation. *Id.* at 3. Defendant further contends that the claims are not plausible because the Amended Complaint does not describe any alleged defects or failure to warn beyond the statement that the product "failed while implanted." *Id.* at 4.

Opposing the Motion to Dismiss, Plaintiff submitted a response arguing that the Amended Complaint alleges that Defendant's product broke while surgically implanted and that the breakage occurred as either a result of failure to manufacture the implant according to design specification or there was a flaw in the design specification. (Doc. # 25 at 3.)

Defendant submitted a reply reiterating that the *Twombly* and *Iqbal* plausibility pleading requirement is the standard to be applied and that Plaintiff failed to state a claim for relief under such standard. (Doc. # 26 at 1-3.) *See Twombly*, 550 U.S. at 570; *see also Iqbal*, 129 S.Ct. at 1950. Defendant acknowledges that if the Amended Complaint contained the additional statement which Plaintiff included in her Response, that the product was not designed to withstand normal weight-bearing, the claim that the defect failed as a result of Defendant's design or manufacture would then be plausible. *Id.* at 3. Additionally, Defendant argues that the fact the hip plate broke does not make a product defect plausible because "[t]here are lots of reasons the hip plate may have broken—from doctor error to something Ms. Foust did." *Id.* The parties have completed briefing of the issues involved, and the motion is now ripe for disposition.

## II. Standard to be Applied

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The Court must accept as true all well-pleaded factual allegations, but not legal conclusions. *See Twombly*, 550 U.S. at 555*; see also Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Although this is a liberal standard, more is required of the complaint than the bare assertion of legal conclusions, unwarranted factual inferences, or mere recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.  Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citations omitted).  But, where the court can only infer from the well-pleaded facts a "mere possibility of misconduct, the complaint . . . has not 'show[n]' -- 'that the pleader is entitled to relief.' " *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

### III.  Discussion

**A.**     **The Ohio Product Liability Act**

Defendant contends that Plaintiff's alleged claims under the OPLA do not meet the plausibility requirement expressed in *Twombly* and *Iqbal*.  The Defendant argues that the Amended Complaint, which states generally the part numbers of hip replacement parts that Defendant manufactures and that those hip parts "failed while implanted" in Plaintiff, is insufficient.  (Doc. # 21 at 1, 3, 4.)

Plaintiff's Amended Complaint contains one cause of action entitled "Count One: Strict Liability Pursuant to Ohio Revised Code §§ 2307.71 Through 2307.80," though the Amended Complaint does not reference a specific provision in the OPLA.  (Doc. # 20 at 2.)

The OPLA is codified in the Ohio Revised Code §§ 2307.71 through 2307.80 and provides for several  product liability claims including defective manufacture pursuant to § 2307.74, design defect pursuant to § 2307.75, inadequate warning pursuant to § 2307.76, and misrepresentation pursuant to § 2307.77.  Specifically, the OPLA provides that a product is defective in manufacture and construction:

> if, when it left the control of its manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards. A product may be defective in manufacture or construction as described in this section even though its manufacturer exercised all possible care in its manufacture or construction.

Ohio Rev. Code § 2307.74.

Regarding a defect in design or formulation, the OPLA provides:

> (A) Subject to divisions (D), (E), and (F) of this section, a product is defective in design or formulation if, at the time it left the control of its manufacturer, the foreseeable risks associated with its design or formulation as determined pursuant to division (B) of this section exceeded the benefits associated with that design or formulation as determined pursuant to division (C) of this section.

Ohio Rev. Code § 2307.75.

A defect due to inadequate warning or instruction is discussed in §2307.76 of the OPLA as follows:

> (A) Subject to divisions (B) and (C) of this section, a product is defective due to inadequate warning or instruction if either of the following applies:
>
> (1) It is defective due to inadequate warning or instruction at the time of marketing if, when it left the control of its manufacturer, both of the following applied:
>
> (a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;
>
> (b) The manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.
>
> (2) It is defective due to inadequate post-marketing warning or instruction if, at a relevant time after it left the control of its manufacturer, both of the following applied:
>
> (a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;
>
> (b) The manufacturer failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.

Ohio Rev. Code § 2307.76.

Finally, the OPLA provides a product must conform to the representations made by the manufacture as follows:

> A product is defective if it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer. A product may be defective because it did not conform to a representation even though its manufacturer did not act fraudulently, recklessly, or negligently in making the representation.

Ohio Rev. Code § 2307.77.

**B.	Application of the Plausibility Pleading Requirement to the OPLA Claims**

Accepting as true all of Plaintiff's factual allegations, the Amended Complaint is sufficient to support plausible claims under the OPLA. This Court finds instructive two recent federal court cases from Ohio in which a defendant moved to dismiss an OPLA claim for relief.

*Frey* is an example of the court reviewing a complaint containing a formulaic recitation of the elements of an OPLA claim. *Frey v. Novartis Pharm. Corp.*, 342 F.Supp.2d 787, 795 (S.D. Ohio 2009). In *Frey*, a District Court for the Southern District of Ohio dismissed a § 2307.74 claim because the complaint "failed to allege any facts that would permit the Court to conclude that a manufacturing defect occurred." *Id.* The complaint alleged that the pharmaceutical product consumed by the Plaintiff was defective, that the Defendant failed to design, manufacture, test and control the quality of that product, and that as a direct and proximate result of the defect, the Plaintiff suffered injuries and damages. *Id.* at 790.

In contrast, *Redinger* is an example of factual allegations sufficient to support plausible claims under §§ 2307.71 through 2307.80 of the OPLA. *Redinger v. Stryker Corp.*, No 10-cv-104, 2010 WL 1995829, at *3 (N.D. Ohio May 19,2010). In *Redinger*, a District Court for the Northern District of Ohio determined that product liability claims under §§ 2307.74 and 2307.75 were sufficiently plead where the Plaintiff alleged that a part related to the implant device was recalled and that the actual implant device broke in two in Plaintiff's leg. *Id.* The Defendant in *Redinger* argued that the breaking of the device did not demonstrate a plausible inference of a product defect because there could be "lots of reasons the Stem may have broken—from doctor error to something Mr. Redinger did." *Id.* However, the court determined that multiple reasons

for a product breaking is relevant for proving the claims, but do not demonstrate that Plaintiff's claims are not plausible at the dismissal stage in the pleadings. *Id.*

The Court finds this case analogous to *Redinger*. Unlike the complaint in *Frey*, the Amended Complaint here includes more than a mere recitation of the elements of the claim. *See Frey*, 342 F.Supp.2d 787, 795 (the complaint in *Frey* merely stated that the product was defective, not that the product had failed). Furthermore, like the *Redinger* court explained, the fact that Plaintiff's hip replacement could have failed for multiple reasons is not relevant at this stage in the pleadings. *See Redinger*, 2010 WL 1995829, at *3. The assertions that Defendant designed and manufactured hip replacement parts, that Plaintiff had Defendant's hip replacement parts surgically implanted, that the hip replacement parts broke while implanted and that Defendant's products can be identified in two parts by specific part numbers are sufficient to support a plausible inference that Defendant designed and/or manufactured a defective product.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. #21.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE